**EXHIBIT 1**

**EOC Charge of Discrimination**

**(4-pages)**

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
| --- | --- |
| EEOC | 433-2025-03291 |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ms. Ebony Peterson

Phone No.: 919-332-1366

Year of Birth: 1977

Mailing Address: 4417 Wedgewood Drive
RALEIGH, NC 27604

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: NC STATE UNIVERSITY

No. Employees, Members: Under 15 Employees

Phone No.:

Mailing Address: 2410 Campus Drive
Raleigh, NC 27606, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 04/15/2025

Latest: 04/29/2025

THE PARTICULARS ARE:

I am a qualified individual with a disability and the Respondent is aware. On or about August 01, 2024, I was hired for the position of Financial Director. The position is a full-time position, and employer has more than 15 employees. I have performed my duties satisfactorily to the best of my knowledge.

On or about April 15, 2025, I formally requested a reasonable accommodation requesting to temporarily relocate to a downstairs office due to prolonged elevator outages which would require me to have to walk down long corridors to my office space, and which exacerbated symptoms of my disability. I also requested remote work flexibility if I should experience flare-ups related to my medical condition. On or about April 25, 2025, I requested to my direct supervisor to work remotely on April 29, 2025. In response, my direct supervisor denied my request citing I was needed in the office to attend a "Financials Meeting" on that day. On or about April 29, 2025, I arrived to work and proceeded to the Meeting Room and was abruptly discharged by the Respondent. The reason provided for my discharge was that the employer "wanted to go in another direction."

No reasons were given for the discrimination and unfair treatment. I just started participating in the ADA interactive process and was then abruptly terminated during the time slot of the alleged "Financials Meeting," which I believe was held as a deliberate pretext for my dismissal.

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended, and retaliated against for engaging in protected activity.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Ms. Ebony Peterson

02/18/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

______________________________

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary ______________________________

Printed Name ______________________________

## CP Enclosure with EEOC Form 5 (06/24)

### Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.